Manfred P. Muecke (SBN: 222893)
mmuecke@manfredapc.com
**MANFRED, APC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 550-4005
Fax: (619) 550-4006

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT DELPHIA, on Behalf of Himself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>ARCADIA CONSUMER HEALTHCARE, INC. d/b/a KRAMER LABORATORIES, INC., a Florida Corporation,<br><br>  Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

Plaintiff, Kent Delphia ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated against Defendant Arcadia Consumer Healthcare, Inc. and Kramer Laboratories, Inc. ("Defendant" or "Kramer Labs"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## INTRODUCTION

1.      Kramer Labs is a Florida corporation, with its principal place of business in Bridgewater, New Jersey, which markets its Fungi-Nail products ("Product(s)") as foot fungus treatment. Kramer Labs manufactures, distributes, and sells the Product. Defendant sells the Product by deceiving the public about the Product's abilities to cure nail fungus.

2.      Defendant claims on its advertising, packaging, and website (http://funginail.com) that its Products have many purported benefits such as: All Fungi-Nail® Products are Clinically Proven to Cure and Prevent Fungal Infections, Maximum Strength Medicine, Clinically Proven Ingredient to Cure and Prevent Fungal Infections, Triple Action Formula Kills Fungus, Stops Itching & Burning, Restores Skin Health.

3.      Defendant misled Plaintiff and Class Members into believing that the Product would kill nail fungus. These claims are false and misleading.

CLASS ACTION COMPLAINT - 1

4. Plaintiff and members of the classes purchased the Products for their ingredients, potency, and effects, and paid a premium for Defendant's Products over comparable products that were not promoted with the misrepresentations at issue here.

5. Defendant's representations concerning the Products are unfair, unlawful, and fraudulent, and have the tendency or capacity to deceive or confuse reasonable consumers. As such, Defendant's practices violate the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. ("UCL"), the California Consumer Legal Remedies Act, Cal. Civ. Code §1750, *et seq*. ("CLRA"), and California False Advertising Law, Cal. Bus. & Prof. Code §17500, *et seq*. ("FAL").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and the Plaintiff is a citizen of a state different from at least one Defendant.

7. This Court has personal jurisdiction over Defendant. Defendant has sufficient minimum contacts with the state of California and purposefully availed itself, and continues to avail itself, of the jurisdiction of this California through the privilege of conducting its business ventures in the state of California, thus

rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendant does business throughout this district, and Plaintiff made his purchase of the Fungi-Nail product in Stanislaus County, California from a retail store in this District and his purchased Fungi-Nail product was delivered to, and used, in this District.

## **THE PARTIES**

9.      Plaintiff, Kent Delphia, is a natural person and a citizen of Stanislaus County, California. Plaintiff purchased the Fungi-Nail Product from a local retailer. Prior to his purchase, Plaintiff saw and reviewed Defendant's advertising claims on the Product packaging and labeling itself, and he made his purchase of the Product in reliance thereon. Plaintiff specifically relied upon representations made by Defendant. Plaintiff did not receive the promised benefits or receive the full value of his purchase.

10.     Defendant, Kramer Laboratories, Inc., is a Florida corporation with its principal place of business Bridgewater, New Jersey. Defendant is licensed to conduct business in Florida.

11.     Defendant, Arcadia Consumer Healthcare, Inc., is headquartered in Bridgewater, New Jersey.

12.     Plaintiff reserves the right to amend this Complaint to add a different

or additional Defendant, including without limitation any officer, director,

employee, supplier, or distributor of Defendant who has knowingly and willfully

aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## **FACTUAL ALLEGATIONS**

13.     Fungal nail infections, also known as "onychomycosis," are very

common. They may affect up to 14% of the general population. [1]

14.     Toenail fungus is an infection that gets in through cracks in your nail

or cuts in your skin. Because toes are often warm and damp, fungus grows well

there. Different kinds of fungi and sometimes yeast affect different parts of the

nail. Left untreated, an infection could spread to other toenails, skin, or even your

fingernails.

15.     Infected nails are usually thicker than normal and could be warped or

oddly shaped. They can break easily. Nails with fungus might look yellow.

Sometimes a white dot shows up on the nail and then gets bigger. When fungus

builds up under your nail, it can loosen and even separate the nail from the bed.

The fungus can also spread to the skin around your nail.

16.     With toenail fungus, your nail becomes thick and yellow and may

show white spots and streaks. A type of mold called a dermatophyte causes tinea

---

[1] See https://www.cdc.gov/fungal/nail-infections.html (*last accessed* May 25, 2023)

unguium, the most common nail fungus. Tinea unguium most frequently targets your toenails, but it can also affect your fingernails. Onychomycosis is another name for the condition.

17.     Kramer Labs manufactures, distributes, advertises, and sells the Product, which for all relevant purposes are identical. At all relevant times, Kramer Labs has marketed the Product in a consistent and uniform manner relating to ingredients, potency, and effect. Kramer Labs sells the Product on its website and through various distributors nationwide.

18.     Fungi-Nail is advertised as a treatment for nail fungus, but the supposed medication is ineffective against nail fungus. For this reason, Kramer Labs has been the subject of an investigation by the Federal Trade Commission and has numerous consumer complaints.

19.     Kramer Labs misleadingly advertises that the Fungi-Nail product is a treatment for nail fungus. The Product name is clear – Fungi-Nail – every reasonable consumer will immediately assume the Product is a nail fungus treatment.

20.     The front of the package states "FUNGI NAIL ANTIFUNGAL LIQUID" in bold lettering with a picture of an infected looking toenail:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



21.    All of the misrepresentations at issue here were consistently made at all times during the class period. Kramer Labs made uniform misrepresentations about the Product that Plaintiff and all class members were exposed to the same misleading advertisements.

22.    The misleading name is on the front label of every Product. The Product label further states "CLINICALLY PROVEN TO CURE AND PREVENT FUNGUL INFECTIONS."  Kramer Lab's website states the same claims right above the picture of an infected toenail.

23.    Further, Kramer Lab's advertisements feature misleading instructions showing the Product being applied to the toenail even though the Product does not kill nail fungus:



24.     The misrepresentation identified above, when viewed in the context of the labeling as a whole and the product at issue, has the tendency or capacity to deceive or confuse reasonable consumers into believing that the Product will treat nail fungus.

25.     Further, Kramer Labs intentionally misleads consumers by mischaracterizing the Products as clinically proven and stating:

- Fungi Nail's maximum strength medicine is so powerful it helps Cure AND Prevent fungal infections.

- Plus, its triple action formula kills fungus, stops itching and burning, and restores skin health.

- Get maximum strength medicine without a prescription with Fungi-Nail.

26.     Plaintiff and Class members would not have purchased the Product or would not have paid as much for the Product, had they known the truth about the mislabeled and falsely advertised Product.

27.     Plaintiff would purchase the Product again, however; at this time Plaintiff is unable to rely on the labeling of these Products because he is unsure whether those representations are truthful.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of himself and the following Classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3). Specifically, the Classes are defined as:

**National Class**: All persons in the United States who purchased the Products during the fullest period of law.

In the alternative, Plaintiff brings this action on behalf of the following State Sub-Class:

**California Sub-Class**: All persons in the State of California who purchased the Products during the fullest period of law.

29.     Excluded from the Classes are (a) any person who purchased the Products for resale and not for personal or household use, (b) any person who signed a release of any Defendant in exchange for consideration, (c) any officers,

directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendant have a controlling interest, (d) any legal counsel or employee of legal counsel for any Defendant, and (e) the presiding Judge in this lawsuit, as well as the Judge's staff and their immediate family members.

30.    Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise modified.

31.    **Numerosity and Ascertainability:** Plaintiff does not know the exact number of members of the putative classes. Due to Plaintiff's initial investigation, however, Plaintiff is informed and believes that the total number of Class members is at least in the tens of thousands, and that members of the Class are numerous and geographically dispersed throughout California and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, including Defendant's records, either manually or through computerized searches.

32.    **Typicality and Adequacy:** Plaintiff's claims are typical of those of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests that are antagonistic to those of the proposed Class. Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

33.    **Commonality:** The questions of law and fact common to the Class

members, some of which are set out below, predominate over any questions

affecting only individual Class members:

a. whether Defendant committed the conduct alleged herein;

b. whether Defendant's conduct constitutes the violations of laws alleged

herein;

c. whether Defendant's labeling, sale and advertising set herein are unlawful,

untrue, or are misleading, or reasonably likely to deceive;

d. whether the Fungi-Nail products are adulterated and/or misbranded under

the California Health & Safety Code or federal law;

e. whether Defendant knew or should have known that the representations

were false or misleading;

f. whether Defendant knowingly concealed or misrepresented material facts

for the purpose of inducing consumers into spending money on the Fungi Nail

products;

g. whether Defendant's representations, concealments and non-disclosures

concerning the Fungi-Nail products are likely to deceive consumers;

h. whether Defendant's representations, concealments and non-disclosures

concerning the Fungi-Nail products violate California consumer laws and/or

the common law;

i. whether Defendant should be permanently enjoined from making the claims at issue; and

j. whether Plaintiff and the Class are entitled to restitution and damages.

34.     **Predominance and Superiority:** Common questions, some of which are set out above, predominate over any questions affecting only individual Class members. A class action is the superior method for the fair and just adjudication of this controversy. The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims individually and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a. given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant committed against them,

and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

b.  when Defendant's liability has been adjudicated, claims of all Class members can be determined by the Court;

c.  this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort, and expense, and ensure uniformity of decisions; and

d.  without a class action, many Class members would continue to suffer injury, and Defendant's violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds of their wrongful conduct.

35.    **Manageability:** The trial and litigation of Plaintiff's and the proposed Class claims are manageable. Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

## FED. R. CIV. P. 9(b) ALLEGATIONS

36.    Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs

above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

37.   **WHO**: Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Products by representing that the Products are for treatment of nail fungus.

38.   **WHAT**: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Products are for the treatment of nail fungus. Defendant omitted from Plaintiff and Class Members that the Products are not for treating nail fungus. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Products are for the treatment of nail fungus when they are not and have omitted from the Products' labeling the fact, they are not suitable for the nail fungus treatment.

39.   **WHEN**: Defendant made material misrepresentations and/or omissions detailed herein, including that the Products are for the treatment of nail fungus continuously throughout the applicable Class period(s).

40.   **WHERE**: Defendant's material misrepresentations and omissions, that the Products are for nail fungus treatment, were located on the very center of the front label of the Products in bold lettering surrounded by a gold star that contrasts with the background of the packaging, which instantly catches the eye of all

reasonable consumers, including Plaintiff, at the point of sale in every transaction. The Products are sold numerous retail stores and online stores.

41.     **HOW**: Defendant made written misrepresentations right on the front label of the Products that the Products were for nail fungus treatment even though they are not. As such, Defendant's claims are false and misleading. Moreover, Defendant omitted from the Product labeling the fact that the Product is not suitable for the nail fungus treatment. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's representations and omissions before purchasing the Products.

42.     **WHY**: Defendant misrepresented their Products as being for suitable for nail fungus treatment and omitted from the Products' labeling the fact that they are not for the express purpose of inducing Plaintiff and Class Members to purchase the Products at a substantial price premium. As such, Defendant profited by selling the misrepresented Products to at least thousands of consumers throughout the nation.

**FIRST CAUSE OF ACTION**
**Violations of the California Consumers Legal Remedies Act,**
**Cal. Civ. Code § 1750, *et seq*.**

43.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

44.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

CLASS ACTION COMPLAINT - 14

45.    Plaintiff and each member of the Class are consumers who purchased the Product from Defendant for personal, family, or household purposes.

46.    Plaintiff and the Class are "consumers" as that term is defined by the California Consumers Legal Remedies Act (the "CLRA") in Cal. Civ. Code § 1761(d).

47.    Defendant's products sold to Plaintiff and Class members are "goods" within the meaning of Cal. Civ. Code §1761(a).

48.    Defendant's sales of its product to Plaintiff and Class members are a "service" within the meaning of Cal. Civ. Code § 1761(b).

49.    Defendant's actions, representations, and conduct are covered by the CLRA, because they extend to transactions that were intended to result, or which have resulted in, the sale of goods to consumers.

50.    Defendant sold the Product to Plaintiff and the Class members without adequately disclosing the product does not treat nail fungus.

51.    Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continues to violate CLRA Section 1770(a)(5), because Defendant's conduct constitutes unfair methods of

competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular characteristics, benefits and quantities of its services.

52.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another. By engaging in the conduct set forth herein, Defendant violated and continues to violate CLRA Section 1770(a)(7), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of its services.

53.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

54.     Cal. Civ. Code § 1770(a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law."  By engaging in the conduct set forth herein, Defendant violated and continues to violate CLRA Section 1770(a)(14), because Defendant's conduct constitutes unfair methods of competition and unfair

or fraudulent acts or practices, in that Defendant misrepresents the rights, remedies, and obligations of its services.

55.     Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  By engaging in the conduct set forth herein, Defendant violated and continue to violate CLRA Section 1770(a)(16), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents that its product has been supplied in accordance with its previous representations when they have not.

56.     Plaintiff and the Class acted reasonably when they purchased the Product from Defendant on the belief that Defendant's representations were true and lawful.

57.     Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased the Product from Defendant absent Defendant's representations regarding the Product's nail fungus treatment capabilities; (b) they paid a price premium for the Product they purchased from Defendant based on Defendant's misrepresentations; and (c) Defendant's Product sales did not have the characteristics, benefits, or quantities as consumers were led to believe.

58.     In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class seek injunctive and equitable relief for Defendant's CLRA violations. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code §

1782(a). If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for claims for actual, punitive, and statutory damages, as appropriate.

## SECOND CAUSE OF ACTION
### Violations of the California Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200

59.    Plaintiff incorporates all preceding factual allegations as if fully set forth here.

60.    Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

61.    Cal. Bus. & Prof Code § 17200, *et seq*. (the "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent, or unfair business acts or practices.

62.    Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable.

63.    Defendant committed unlawful practices because it violated *inter alia* Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which declares unlawful unfair and deceptive acts or practices in or affecting commerce. Defendant's conduct as alleged herein is both unfair and deceptive.

64.    Defendant also committed unlawful practices because it violated *inter alia* the Consumers Legal Remedies Act, the False Advertising Law, and other applicable laws as described herein.

65.     Plaintiff reserves the right to allege other violations of law which constitute other unlawful business acts or practices as Defendant's conduct is ongoing and continues to this date.

66.     Under the "unfair" prong of the UCL, a business practice is unfair if that practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

67.     Defendant's acts and practices are unfair because the gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason.

68.     Defendant's acts and practices are also immoral, unethical, unscrupulous, and offend established public policy and are substantially injurious to Plaintiff and the other members of the Class and could not have been reasonably avoided by Plaintiff and the Class.

69.     Plaintiff and the Class acted reasonably when they purchased the Product from Defendant on the belief that the Product would treat nail fungus.

70.     As a result of Defendant's unlawful, unfair, and fraudulent business practices, Plaintiff and the Class have suffered an injury in fact and have lost money in an amount to be determined at the trial of this action.

71.     Plaintiff and the other members of the Class are entitled to an order pursuant to Cal. Bus. & Prof Code §17203, enjoining Defendant's unlawful and unfair conduct, and such other orders and judgments necessary to disgorge

Defendant's ill-gotten gains and to restore to Plaintiff and the Class any amounts assessed and/or paid as a result of Defendant's wrongful conduct.

## THIRD CAUSE OF ACTION
### Violations of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*

72.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

73.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

74.     California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

75.     Defendant misleads consumers regarding its Fungi-Nail Products as having fungus treatment capabilities without adequately disclosing that the Products are not capable of treating nail fungus. Defendant's advertisements and omissions were made in and originated from California and fall within the definition of advertising as contained in the FAL in that advertisements were intended to induce

consumers to purchase the Product from Defendant. Defendant knew that those advertisements and omissions were false and misleading.

76. Defendant's advertising regarding the Products' nail fungus treatment qualities was false and misleading to a reasonable consumer, including Plaintiff.

77. Defendant violated the FAL by misleading Plaintiff and the Class to believe that its Products were suitable for treating nail fungus.

78. Defendant knew or should have known, through the exercise of reasonable care, that its advertisements about its Products were misleading.

79. Plaintiff and the Class lost money or property as a result of Defendant's FAL violations because (a) they would not have the Product absent Defendant's misrepresentations; (c) they paid a price premium for the Product based on Defendant's misrepresentations; and (d) Defendant's Product did not have the characteristics, benefits, or quantities as consumers were led to believe.

## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation

80. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

81. Plaintiff brings this claim on h own behalf and on behalf of each member of the Class.

82. Defendant misrepresented that its Fungi-Nail Products have nail fungus treatment capabilities. However, Defendant's Products do not treat nail fungus.

83.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

84.     Defendant also negligently misrepresented and/or negligently omitted material facts about the Products' nail fungus treatment qualities.

85.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and the Class reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and the Class to purchase the Products from Defendant.

86.     Plaintiff and the Class would not have purchased the Products from Defendant if the true facts had been known.

87.     The negligent actions of Defendant caused damage to Plaintiff and the Class members, who are entitled to damages and other legal and equitable relief as a result.

### FIFTH CAUSE OF ACTION
### Unjust Enrichment

88.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

89.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

90.     As a result of its unjust conduct, Defendant has been unjustly enriched.

91.     By reason of Defendant's wrongful conduct, Defendant have benefited from improper receipt of funds, and under principles of equity and good conscience, Defendant should not be permitted to keep this money.

92.     As a result of Defendant's conduct, it would be unjust and/or inequitable for Defendant to retain the benefits of its conduct without restitution to Plaintiffs and the Class. Accordingly, Defendant must account to Plaintiff and the Class for its unjust enrichment.

## SIXTH CAUSE OF ACTION
### Fraud
### (Nationwide Class)

93.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

94.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

95.     As alleged herein, Defendant knowingly made material misrepresentations and omissions regarding the Products on the Products' labeling and packaging in the Products' advertisements, and/or on its website, specifically the nail fungus treatment representations and omissions alleged more fully herein.

96.     Defendant made these material representations and omissions in order to induce Plaintiff and putative Nationwide Class Members to purchase the Products.

97.   Defendant knew the representations and omissions regarding the Products were false and misleading but nevertheless made such representations through the marketing, advertising and on the Products' labeling.

98.   In reliance on these nail fungus treatment representations and omissions, Plaintiff and putative Nationwide Class Members were induced to, and did, pay monies to purchase the Products.

99.   Had Plaintiff and the Nationwide Class known the truth about the Products, they would not have purchased the Products.

100.   As a proximate result of the fraudulent conduct of Defendant, Plaintiff and the putative Nationwide Class paid monies to Defendant, through their regular retail sales channels, to which Defendant are not entitled, and have been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated members of the Classes, pray for relief and judgment, including entry of an order:

A.   Declaring that this action is properly maintained as a class action, certifying the proposed Class(es), appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

B.   Directing that Defendant bear the costs of any notice sent to the Class(es);

C.     Declaring that Defendant must disgorge, for the benefit of the Class(es), all or part of the ill-gotten profits they received from the sale of the Products, or order Defendant to make full restitution to Plaintiff and the members of the Class(es);

D.     Awarding restitution and other appropriate equitable relief;

E.     Granting an injunction against Defendant to enjoin them from conducting their business through the unlawful, unfair, and fraudulent acts or practices set forth herein;

F.     Granting an Order requiring Defendant to fully and appropriately recall the Products and/or to remove the claims on its website and elsewhere, including the representations regarding the Products' nail fungus treatment capabilities;

G.     Ordering a jury trial and damages according to proof;

H.     Enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

I.     Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class(es);

J.     Awarding civil penalties, prejudgment interest and punitive damages as permitted by law; and

K.    Ordering such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  May 25, 2023

*s/Manfred Muecke*
**Manfred, APC**
Manfred Muecke (SBN: 222893)
600 W Broadway, Ste 700
San Diego, CA 92101-3370
mmuecke@manfredapc.com
Phone: 619-550-4005
Fax: 619-550-4006